**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THE MALHOTRA CENTER FOR**
**PLASTIC SURGERY, P.C., a**
**Michigan professional corporation,**

   **Plaintiff,**

**v.**

**ANN ARBOR CENTER FOR**
**PLASTIC SURGERY, P.C., a**
**Michigan corporation,**

   **Defendant.**

**Case No. _____**


**Hon. _____**

## COMPLAINT

  Plaintiff The Malhotra Center for Plastic Surgery, P.C. DBA Ann Arbor Plastic Surgery ("Plaintiff" or "The Malhotra Center") hereby files this Complaint against Defendant Ann Arbor Center for Plastic Surgery, P.C. ("Defendant") requesting damages and injunctive relief, and in support thereof alleges as follows:

## PRELIMINARY STATEMENT

  1. Defendant has unlawfully and willfully adopted and used the designation ANN ARBOR CENTER OF PLASTIC SURGERY, and variants thereof, to promote its plastic surgery services, despite Plaintiff's long-standing prior rights in the almost identical trademark ANN ARBOR PLASTIC SURGERY for identical services. Plaintiff has been compelled to bring this action for federal and state common law trademark infringement, false advertising, federal and state unfair

competition, violation of the Anti-Cybersquatting Consumer Protection Act, and unjust enrichment, because Plaintiff has priority of use of the mark ANN ARBOR PLASTIC SURGERY, and because of the likelihood of confusion in the relevant market between Plaintiff's mark and Defendant's infringing use of Plaintiff's marks, as well as the instances of actual confusion that have occurred in a short period of time. Plaintiff alerted Defendant to this concern and Plaintiff's rights in the mark ANN ARBOR PLASTIC SURGERY shortly after learning of Defendant's infringing uses of this mark, but Defendant continues to offer and sell services under the mark ANN ARBOR CENTER FOR PLASTIC SURGERY, and similar variants thereof, thereby willfully infringing Plaintiff's rights in the mark ANN ARBOR PLASTIC SURGERY with potential harm to Plaintiff's reputation, potential customers, products, and services.

2.     This is a civil action for violation of the Anti-Cybersquatting Consumer Protection Act; common law trademark infringement, use of false designations of origin in commerce, false advertisement, and unfair competition, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); violation of the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.*; and trademark infringement, unfair competition, and unjust enrichment under Michigan common law.

2

3.      The Malhotra Center brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition The Malhotra Center has developed in the trademark ANN ARBOR PLASTIC SURGERY.

4.      Plaintiff seeks injunctive and monetary relief.

### THE PARTIES

5.      Plaintiff The Malhotra Center for Plastic Surgery, P.C. ("Plaintiff") is a Michigan professional corporation with its principal place of business at 2320 Washtenaw, Suite A, Ann Arbor, Michigan, 48104.

6.      Upon information and belief, Defendant Ann Arbor Center for Plastic Surgery, P.C. ("Defendant"), is a Michigan professional corporation, and may be served through its registered agent and President, Richard J. Beil, MD, at the company's registered business address, 5333 McAuley Drive, Suite 5001, Ypsilanti, Michigan, 48197.

### JURISDICTION AND VENUE

7.      This action arises under the Lanham Act, 15 U.S.C. § 1125(a). This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), and 28 U.S.C. §§ 1331 (federal question), 1338(a) (acts of Congress relating to trademarks), and 1338(b) (pendent unfair competition claims). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Defendant because Defendant is a Michigan Professional Corporation that transacts, solicits, and does business in Michigan; because a substantial part of the relevant events occurred in this District, because Defendant has infringed Plaintiff's federally protected trademark in this District; and because Defendant continues to infringe Plaintiff's trademark in this District.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because at least a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

10.     For over ten years, The Malhotra Center has provided services to patients including cosmetic and plastic surgery services; providing medical aesthetic procedures, namely, treating the skin with dermal fillers and botulinum toxin; providing cosmetic skin care services, namely, facials, chemical peels, micro dermabrasion, micro needling treatment services, cosmetic laser treatment; and providing other cosmetic services, namely, laser hair removal, laser peels, liposuction, cellulite treatments, body contouring treatments, injectable filler treatments, photo therapy, and skin care under the trademark ANN ARBOR PLASTIC SURGERY (referred to as the "Malhotra Center Services").

11.     The Malhotra Center is the owner of the mark ANN ARBOR PLASTIC SURGERY in the United States for use with The Malhotra Center Services.

12.     The Malhotra Center began use in commerce of the ANN ARBOR PLASTIC SURGERY mark in the United States at least as early as January 2015. The Malhotra Center is also the owner of a federal trademark application for ANN ARBOR PLASTIC SURGERY ("Plaintiff's Mark" or "ANN ARBOR PLASTIC SURGERY Mark"), U.S. Trademark Application No. 97/353,408 for cosmetic and plastic surgery and related services, as indicated by the attached at Exhibit 1. The Malhotra Center has devoted significant marketing, advertising, and financial resources to developing and establishing in the minds of consumers that ANN ARBOR PLASTIC SURGERY signifies The Malhotra Center's Services, including through use and promotion of Plaintiff's Mark on its website at www.annarborplasticsurgery.com. As a result of these efforts, the ANN ARBOR PLASTIC SURGERY Mark is widely recognized by the consuming public as a designation of source for The Malhotra Center's Services and has acquired distinctiveness and secondary meaning.  The Malhotra Center has promoted the ANN ARBOR PLASTIC SURGERY Mark to customers and prospective customers nationwide, as illustrated on its website at Exhibit 2.

13.     The Malhotra Center has used the ANN ARBOR PLASTIC SURGERY Mark exclusively and extensively in connection with The Malhotra

Center Services and long before Defendant commenced any use of ANN ARBOR CENTER FOR PLASTIC SURGERY.

14.     The ANN ARBOR PLASTIC SURGERY Mark is distinctive, well-known, and widely recognized by the consuming public as a designation of source, and specifically as a designation of source of The Malhotra Center's Services.

15.     The Malhotra Center has expended substantial time, effort, resources, and creative energies towards creating goodwill in the ANN ARBOR PLASTIC SURGERY Mark, and in establishing the public's recognition of Plaintiff's Mark as the source of The Malhotra Center's high quality cosmetic and plastic surgery services. As a result of such use and promotion, the ANN ARBOR PLASTIC SURGERY Mark has acquired distinctiveness and come to be known by the relevant public as the single source of such services, long before Defendant commenced unauthorized use of the designation ANN ARBOR CENTER FOR PLASTIC SURGERY.

## **DEFENDANT'S WRONGFUL CONDUCT**

16.     On April 15, 2022, Defendant changed its name with the Michigan Department for Licensing and Regulatory Affairs, as shown at Exhibit 3. Prior to this date, Defendant had used the name Center for Plastic & Reconstructive Surgery, PC to identify its plastic surgery business since 1998. Defendant also previously used and registered the domain name www.cprs-aa.com. In approximately March

2022, Defendant registered the company name Ann Arbor Center For Plastic Surgery, P.C. and began using the mark ANN ARBOR CENTER FOR PLASTIC SURGERY to identify its plastic surgery services ("Defendant's Services") and began using the domain name www.aaplasticsurgery.com to promote its business. Defendant's Services are identical to and/or overlap with The Malhotra Center Services.

17.     Below is one example of a side-by-side comparison of The Malhotra Center's use of the ANN ARBOR PLASTIC SURGERY Mark and an example of Defendant's unauthorized use of the confusingly similar wording ANN ARBOR CENTER FOR PLASTIC SURGERY, both obtained from the parties' websites.

| The Malhotra Center's Use of ANN ARBOR PLASTIC SURGERY Mark | Defendant's Infringing Use of ANN ARBOR CENTER OF PLASTIC SURGERY Mark |
| --- | --- |
|  | |

Defendant's use of the mark ANN ARBOR CENTER FOR PLASTIC SURGERY is nearly identical to The Malhotra Center's use of ANN ARBOR PLASTIC SURGERY. Further examples of Defendant's unauthorized uses of the mark ANN ARBOR CENTER FOR PLASTIC SURGERY are attached as Exhibit 4.

18.    Defendant's use of the confusingly similar mark in connection with identical services targeted at the identical consumers through the same trade channels as The Malhotra Center constitutes trademark infringement, unfair competition and unfair business practices and such use is likely to confuse, and has already confused, the relevant consuming public into believing the Defendant is affiliated with or related to The Malhotra Center.

19.    Upon information and belief, on or about March 16, 2022, Defendant registered the domain www.aaplasticsurgery.com, as indicated by the web domain registration data found at lookup.icann.org/lookup, which is attached as Exhibit 5. The "Our Surgeons" page for the website www.aaplasticsurgery.com shows the

surgeons Daniel Sherick, MD, FACS, and Richard Beil, MD, FACS, as indicated by Exhibit 6, who upon information and belief are each officers and directors of Defendant, as indicated by the business registry information on the Michigan Department of Licensing and Regulatory Affairs' Corporations Online Filing System at Exhibit 3.

20.    In addition, on or about March 27, 2022, Defendant commenced using the social media username/social media link aaplasticsurgery on both Instagram and Facebook, as indicated by the evidence from Facebook at Exhibit 7. Although Defendant later ceased using these names in at least some instances, in response to a letter from Plaintiff seeking to avoid a dispute, as detailed below, Defendant still has some instances using the mark ANN ARBOR CENTER FOR PLASTIC SURGERY on Facebook, for example, and still uses the website www.aaplasticsurgery.com with ANN ARBOR CENTER FOR PLASTIC SURGERY at the top of the page, to promote its services. This use is still evidenced by the social media uses and links from their website, as indicated at Exhibit 8.

21.    Defendant at least had actual notice of The Malhotra Center's trademark rights in the ANN ARBOR PLASTIC SURGERY Mark and www.annarborplasticsurgery.com at the time when Defendant registered the domain www.aaplasticsurgery.com and began to use ANN ARBOR CENTER FOR

PLASTIC SURGERY and the username/page link aaplasticsurgery on social media including Facebook and Instagram.

22.     Defendant's aforementioned unlawful acts are intended to, and are likely to, cause confusion as to the source of Defendant's services and, at the same time, harm the reputation of The Malhotra Center and interfere with The Malhotra Center's Services and reputation.

23.     Defendant's aforementioned unlawful acts have caused, and will continue to cause irreparable harm to Plaintiff and The Malhotra Center's Mark, and to the business and substantial goodwill represented thereby, and Defendant's unlawful acts will continue to damage Plaintiff unless restrained by this Court.

24.     Plaintiff is aware of several instances of actual confusion due to Defendant's unauthorized use of mark ANN ARBOR CENTER FOR PLASTIC SURGERY.  Plaintiff has received calls, appointments and patients intended for Defendant, and patients have reported that they confused Plaintiff and Defendant and arrived at the wrong business location, or called or made an appointment with the Defendant, when they intended to contact Plaintiff.

25.     Plaintiff has no adequate remedy at law.

26.     Defendant's continued unlawful and unauthorized use of The Malhotra Center Marks is willful and intentional. Specifically, Defendant is on actual notice as of April 2022, when, prior to filing this lawsuit, Plaintiff contacted Defendant and

informed the owners of their unlawful activities related to infringement of the ANN

ARBOR PLASTIC SURGERY Mark and the resulting actual instances of confusion

caused by Defendant's willfully infringing actions. The letter sent by Plaintiff to

Defendant prior to the filing of this lawsuit is attached as Exhibit 9. At that time,

Plaintiff requested that Defendant cease and desist from its unlawful use of any mark

that is confusingly similar to the Plaintiff's Mark, and any similar variations thereof,

including ceasing use of the similar domain name www.aaplasticsurgery. In a May

3, 2022 phone call, Plaintiff's counsel was advised that Defendant was changing its

mark ANN ARBOR CENTER FOR PLASTIC SURGERY to the mark CENTER

FOR PLASTIC SURGERY ANN ARBOR ("New name"). The New Name still

incorporates the dominant elements of Plaintiff's Mark, is picked up by online

searches for Plaintiff's Mark, as illustrated by Exhibit 10, and is not sufficient to

avoid the likelihood of confusion with Plaintiff's Mark or the ongoing instances of

consumer confusion.

27.     To raise the concerns about the New Name and other continued uses of

variants of the Defendant's Mark and to avoid this lawsuit, Plaintiff sent a

subsequent letter on May 17, 2022, attached as Exhibit 11.  Despite this letter,

Defendant has continued its unlawful activities, and is currently infringing The

Malhotra Center Mark in its continued use of ANN ARBOR CENTER FOR

PLASTIC SURGERY on its website and the shortened version of Plaintiff's mark

in its website URL www.aasurgery.com, and its new use of CENTER FOR PLASTIC SURGERY ANN ARBOR and the username/social media link plasticsurgeryaa on its Facebook and Instagram Pages, among other social media posts that still suggest a connection with Plaintiff or use variants of Plaintiff's Mark.

## CAUSES OF ACTION

## COUNT 1 – FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

28.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29.    Defendant has used, and is currently using, the confusingly similar infringing marks in commerce in connection with the sale, offering for sale, distribution or advertising of services that are identical to and/or overlap with The Malhotra Center Services. Defendant's use of the infringing marks is without the consent of Plaintiff.

30.    Defendant's use of the infringing marks is likely to cause, and has caused, confusion, mistake, or deception as to:

    a.    Defendant's affiliation, connection, or association with The Malhotra Center's business; and/or

    b.    the origin, sponsorship, or approval of Defendant's products, services, or commercial activities by Plaintiff.

12

31.     Plaintiff has been damaged by Defendant's use of the infringing marks and is likely to be further damaged by Defendant's continued use of the infringing marks. In particular, Defendant's use of the infringing marks is likely to cause The Malhotra Center Mark to lose their significance as indicators of origin.

32.     Upon information and belief, Defendant adopted and first used colorable imitations of, and designations substantially identical to The Malhotra Center Mark with full knowledge and/or constructive knowledge of Plaintiff's rights. Therefore, Defendant has willfully infringed such rights.

33.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it are not entitled to in law or equity.

34.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

35.     Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

36.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT 2 - VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

37.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

38.     As a cause of action and ground for relief, Plaintiff alleges a violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).

39.     Defendant has registered and used the internet domain name, "www.aaplasticsurgery.com", which is confusingly similar to the ANN ARBOR PLASTIC SURGERY mark owned by Plaintiff .

40.     Defendant has registered and has used the domain "www.aaplasticsurgery.com" without The Malhotra Center's authorization and with a bad faith intent to profit from the ANN ARBOR PLASTIC SURGERY Mark, in violation of 15 U.S.C. § 1125(d).

41.     The ANN ARBOR PLASTIC SURGERY Mark was distinctive at the time Defendant registered "www.aaplasticsurgery.com" and the ANN ARBOR PLASTIC SURGERY mark remains so today.

42.     The infringing domain name "www.aaplasticsurgery.com" was confusingly similar to the ANN ARBOR PLASTIC SURGERY Mark at the time Defendant registered the domain and throughout the duration of the use/registration of the website, which, upon information and belief, is currently in operation.

43.     The infringing domain name "www.aaplasticsurgery.com" did not direct or redirect to a web site owned by The Malhotra Center, but rather directed or redirected to a website controlled by Defendant, which profited from its use and

registration. The domain name continues to direct or redirect to a website controlled by Defendant.

44. Defendant at least had actual notice of the ANN ARBOR PLASTIC SURGERY Mark when Defendant registered the domain name "www.aaplasticsurgery.com".

45. Defendant did not believe and could not reasonably have believed its use of "www.aaplasticsurgery.com" constituted fair use or was otherwise lawful.

46. Defendant's use of the ANN ARBOR PLASTIC SURGERY mark in the manner hereinabove alleged violates The Malhotra Center's trademark rights under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).

47. As a result of Defendant's violations, Plaintiff has suffered damages, including attorneys' fees and costs.

**COUNT 3 - FALSE DESIGNATION OF ORIGIN/ FALSE ADVERTISING**

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

49. Defendant's promotion, advertising, distribution, importation, sale, and/or offering for sale of products and services using marks that infringe the Plaintiff's Mark, together with Defendant's use of other indicia associated with

Plaintiff, is intended to, and is likely to, confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's infringing products and/or services, and is intended, and is likely to cause such parties to believe in error that the infringing products and/or services have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff.

50.     The acts of Defendant complained of herein constitute the use of false designations of origin in commerce, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

51.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains that they are not entitled to in law or equity.

52.     Upon information and belief, Defendant intends to continue their infringing acts, unless restrained by this Court.

53.     Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

54.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to damages in an amount to be proven at trial and/or recovery of reasonable attorneys' fees and costs incurred herein.

## COUNT 4 - UNFAIR COMPETITION UNDER THE LANHAM ACT

55.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein

56.    Defendant's activities as described above constitute unfair competition in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

57.    Upon information and belief, Defendant has made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

58.    Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

59.    Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT 5 - VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT, M.C.L. § 445.901 ET SEQ.

60.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

61.    Defendant's activities as described above constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce under the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq*.

62.    Upon information and belief, Defendant has made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

63.    Upon information and belief, Defendant intends to continue its unlawful acts, unless restrained by this Court.

64.    Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT 6 - COMMON LAW UNFAIR COMPETITION

65.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

66.    Plaintiff and Defendant are competitors, and Defendant offers services that overlap with The Malhotra Center Services.

67.    Defendant's actions as set forth herein are designed to unfairly compete with Plaintiff and constitute unfair competition under the common law of the State of Michigan.

68.    Plaintiff has suffered irreparable harm and monetary damages as the direct and proximate result of Defendant's actions.

## COUNT 7 - COMMON LAW UNJUST ENRICHMENT

69.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

70.    Benefits have been conferred upon Defendant by Defendant's unauthorized use of the Plaintiff's Mark.

71.    Defendant has appreciated, accepted, and retained these benefits.

72.    It is inequitable for Defendant to retain these benefits without the payment of value to Plaintiff.

73.    Defendant has been unjustly enriched at the expense of Plaintiff.

74.    Defendant's activities as described above constitute unjust enrichment under the common law of the State of Michigan.

## <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant finding as follows:

A.    That Plaintiff's rights in and to the ANN ARBOR PLASTIC SURGERY Mark is valid, enforceable and have been infringed by Defendant;

B.    That Defendant has violated various federal and state trademark laws including at least (i) Section 43(a) of the Lanham Act (15 U. S. C.

§ 1125(a)), and Section 43(c) of the Lanham Act (15 U. S. C. § 1125(c)); and (ii) has engaged in trademark infringement and unfair competition in violation of the common law of the State of Michigan;

C.    That Defendant has willfully infringed the Plaintiff's Mark;

D.    That Defendant, its agents, servants, employees and all persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained from:

    i.   using Plaintiff's Mark or colorable imitations thereof and other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights; and

    ii.  otherwise infringing Plaintiff's rights in the ANN ARBOR PLASTIC SURGERY Mark and competing unfairly with Plaintiff;

E.    That Defendant be required to pay to Plaintiff such damages, statutory or otherwise, together with prejudgment and post-judgment interest thereon, as Plaintiff has sustained in consequence of Defendant's unlawful acts, and to account for and return to Plaintiff any monies, profits, and advantages gained by Defendant;

F.      That Defendant pay to Plaintiff the costs and disbursements of this action, including prejudgment and post-judgment interest thereon, and that reasonable attorney's fees be awarded to Plaintiff;

G.      That all damages sustained by Plaintiff be trebled and/or enhanced, as appropriate;

H.      That Defendant be required to pay to Plaintiff any and all other damages available under the law;

I.      That pursuant to § 35 of the Federal Trademark Act, 15 U.S.C. § 1117(d), Plaintiff be awarded statutory damages in an amount not less than $1,000 and not more than $100,000 for Defendant's use of the domain name in violation of the Anti- Cybersquatting Consumer Protection Act, and that any domain names incorporating the ANN ARBOR PLASTIC SURGERY Mark, or close variants thereof, be transferred to Plaintiff;

J.      That, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Defendant deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all infringing articles (including, without limitation, all labels, advertisements, promotional materials, and brochures) within its possession, custody, or control, either directly or indirectly, that bears the Plaintiff's Mark

or any other designation, symbol, or device that is confusingly similar to the Plaintiff's Mark and immediately discontinue use of the infringing imitations;

K.  A determination that Plaintiff has suffered a loss due to Defendant's unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, and that, pursuant to M.C.L. § 445.911, Plaintiff is entitled reasonable attorneys' fees incurred from undertaking this action as well as punitive damages from Defendant;

L.  That Defendant be directed to file with this Court, and serve on Plaintiff within thirty (30) days after the service of any temporary restraining order, and/or preliminary or permanent injunction a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

M.  That Plaintiff be granted such other and further relief as this Court may deem appropriate.

*Respectfully submitted,*

**DYKEMA GOSSETT PLLC**

By: <u>*s/Jennifer Fraser*</u>
  Jennifer Fraser
  1100 K St., NW
  Washington, DC 20005
  202-906-8712
  jfraser@dykema.com

  Andrew J. Kolozsvary (P68885)
  400 Renaissance Center
  Detroit, Michigan 48243
  313-568-6800
  akolozsvary@dykema.com

  *Attorneys for Plaintiff*

Dated:  June 6, 2022

121720.000002
4867-2330-4484.1

23